# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILE DIVISION

TONY COOPER                                                                                    MOVANT

v.                                                                              No. 4:09CR129-NBB-SAA

UNITED STATES OF AMERICA                                                           RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion [49] by Tony Cooper to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Cooper alleges that the court did not have subject matter jurisdiction to decide the case. Cooper proffers several reasons in support of these claims. First, he argues that the allegations in the indictment did not constitute a crime. Second, Cooper argues that the United States Magistrate Judge in this case did not have the authority to conduct his arraignment. Third, Cooper argues that the proceedings violated his right to a speedy trial under 18 U.S.C. § 3161. Fourth, Cooper argues that the government violated his Sixth Amendment right to confront the witnesses against him. Finally, Cooper argues that the proceedings violated his right to due process because the government did not authenticate, index, and tab its exhibits. For the reasons set forth below, the instant motion [49] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be denied in all respects.

## Conclusory Allegations

As an initial matter, the court notes that all of Cooper's allegations are conclusory in nature. He merely names various violations he believes to have occurred without setting forth any facts to support his claims. Conclusory allegations such as these fail to state a *habeas corpus* claim upon which relief could be granted. *Mallard v. Cain*, 515 F.3d 379 (5th Cir. 2008). All of Cooper's claims

will thus be dismissed for failure to state a claim upon which relief could be granted because they are bare allegations.

## The Indictment

In addition to their conclusory nature, Cooper's allegations are without merit. He alleges that the allegations in his indictment fail to state a criminal charge against him. On the contrary, the words of the indictment carefully track the language of the criminal statute at issue, 18 U.S.C. § 666(a)(1)(B). An indictment that tracks language of the appropriate criminal statute is generally sufficient "as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished." *United States v. Arlen*, 947 F.2d 139, 145 (5th Cir.1991)(internal quotations and citation omitted), cert. denied, 112 S.Ct. 1480 (1992).

The statute in question reads:

> Whoever, if the circumstance described in subsection (b) of this section exists . . . being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more . . . shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(B). The circumstance in subsection (b) is "that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance."

The indictment in this case reads:

> At all times material to this indictment, the City of Indianola Police Department was an agency of the City of Indianola, an incorporated municipality in Sunflower County, Mississippi, that received federal assistance in excess of $10,000 during the one-year period beginning on October 1, 2007, and ending September 30, 2008.

> During the time period from on or about March 25, 2008, through July 27, 2009, the Defendant, TONY COOPER, was an agent and police officer with the City of Indianola Police Department, whose duties included enforcing the laws of the State of Mississippi on behalf of the City of Indianola.
>
> Beginning at a time unknown to the Grand Jury, but at least from on or about March 25, 2008, through July 27, 2009, in the Northern District of Mississippi, the defendant, TONY COOPER, did corruptly accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with any business of the City of Indianola Police Department, involving an amount in excess of $5,000, in violation of Title 18, United States Code, Section 666(a)(1)(B).

The indictment in this case clearly tracks the statutory language and identifies the statute. This claim is without merit and will be dismissed.

**The Arraignment**

Cooper also claims that a United States Magistrate Judge has no authority to conduct an arraignment. As Cooper has provided no authority to support this claim, and the court knows of none, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

**Speedy Trial**

Cooper next claims that the proceedings violated his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161. Under the Speedy Trial Act, the government must initiate a trial within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id*. at § 3161(c)(1). Certain periods of time are, however, excluded from this calculation, including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

trial." *Id*. at § 3161 (h)(7)(A). Cooper sought three continuances in this case, and the court granted each one – finding in each that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

In the first continuance, the trial was continued 21 days – from November 9, 2009, to November 30, 2009. In the second continuance, the trial was continued for 42 days – from November 30, 2009, to January 11, 2010. In the third continuance, the trial was continued for 49 days – from January 11, 2010, to March 1, 2010. Thus, at Cooper's request, his trial was continued for a total of 112 days. If Cooper had not requested any continuances, then his Speedy Trial Act deadline would have expired on November 24, 2009: September 15, 2009 (the date on which he waived his appearance at arraignment) + 70 days. Adding 112 days (the total of all continuances) to November 24, 2009 (the initial Speedy Trial Act deadline), the new deadline became March 16, 2010. Cooper's trial began March 1, 2010, well within the Speedy Trial Act deadline.

Another, much simpler, reason that Cooper's Speedy Trial Act claim must be dismissed is that he failed to raise the issue prior to trial. The "[f]ailure of the defendant to move for dismissal *prior to trial* or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. § 3162(a)(2); *Zedner v. United States*, 547 U.S. 489, 500–03, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (emphasis added). The court can find no record that Cooper filed such a motion prior to trial; as such, he has waived his claim that the proceedings violated the provisions of the Speedy Trial Act. This claim is without merit and will be dismissed.

**Confrontation of Witnesses**

Cooper's claim that he was denied the right to confront the witnesses against him is completely contradicted in the record, which contains scores of pages of testimony of his attorney conducting

vigorous and thorough cross-examination of the government's witnesses. This allegation is wholly without merit and will be dismissed.

## Due Process

Cooper's final claim is that the government denied his right to due process by failing to properly organize the documentary evidence introduced at trial, thus hindering his ability to impeach the government's witnesses. First, that is a matter Cooper's attorney could have addressed prior to or during trial. In addition, Cooper has not stated what evidence he could not locate at trial, which witnesses he might have impeached, or how the documents might have aided in such impeachment. For these reasons, Cooper's final claim is without merit and will be dismissed.

In sum, all of Cooper's allegations will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 23rd day of May, 2014.

       /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE